UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

**Palmer Hamilton, LLC**

    Plaintiff,

v.                                               Case No. 3:16-cv-522

**AmTab Manufacturing Corporation**

    Defendant.

## COMPLAINT

Plaintiff Palmer Hamilton, LLC ("Plaintiff"), for its complaint against defendant AmTab Manufacturing Corporation ("Defendant") alleges as follows:

### Parties

1. Plaintiff is a Wisconsin limited liability company with its principal place of business located at 143 S. Jackson Street, Elkhorn, WI 53121.

2. Defendant is an Illinois corporation with its principal place of business at 652 N. Highland Ave, Aurora, Illinois 60506.

### Nature of Action

3. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq*.

4. Plaintiff is the owner of all right, title and interest in U.S. Patent 9,370,265 ("the '265 Patent"), attached as Exhibit A.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Defendant uses Marshfield Book and Stationary, Inc. ("Marshfield Book and Stationary"), headquartered at M111 W. McCmillan St, Marshfield, WI 54449 within this District, to distribute Defendant's products throughout this District.  Accordingly, Defendant regularly conducts business in this District via, at the very least, Defendant's distribution relationship with Marshfield Book and Stationary and is subject to the Court's jurisdiction.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

## Background Facts

7. The '265 patent discloses and claims a collapsible booth.

8. Upon information and belief, Defendant has manufactured, used, sold and/or offered to sell collapsible booths.  An example of Defendant's collapsible booth is shown below.



## COUNT I

### Claim for Infringement of the '265 Patent

9. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1-8 as if fully set forth herein.

10. Upon information and belief, Defendant has directly infringed and continues to infringe the '265 patent through the use, manufacture, sale, and/or offer for sale of Defendant's collapsible booths ("the Infringing Booths").

11. Upon information and belief, Defendant has sold or offered to sell the Infringing Booths within this District.

12. Upon information and belief, the Infringing Booths literally infringe at least claims 1, 11 and 14 of the '265 patent.

13. Upon information and belief, Defendant has provided instructions to its customers as to how to use and operate the Infringing Booths so as to cause infringement of the '265 patent.

14. Upon information and belief, Defendant has induced and contributorily caused its customers to infringe the '265 patent.

15. Plaintiff sent a cease and desist letter on June 22, 2016. Accordingly, Defendant was aware of the '265 patent before the filing of this lawsuit.

16. Upon information and belief, after becoming aware of the '265 patent, Defendant has continued to sell and offer to sell the Infringing Booths to direct end users and/or distributors.

17. Upon information and belief, direct end users have infringed the '265 patent by using the Infringing Booths, and distributors have infringed the '265 patent by selling and offering to sell the Infringing Booths.

18. Upon information and belief, Defendant encouraged the end users to use the Infringing Booths, and encouraged distributors to sell and offer to sell the Infringing Booths.

19. Upon information and belief, Defendant knew that the use, sale, and offer for sale of the Infringing Booths would infringe Plaintiff's '265 patent.

20. Upon information and belief, Defendant knew that its Infringing Booths were made or adapted for a use that would infringe Plaintiff's '265 patent.

21. The Infringing Booths are not commonly available items with substantial non-infringing uses.

22. Upon information and belief, Defendant has been and is willfully infringing the '265 patent.

23. It is believed that Defendant will continue to manufacture, sell, and offer for sale the Infringing Booths unless enjoined from doing so, causing Plaintiff irreparable harm.

24. Defendant's conduct shows a lack of the required duty to avoid infringement of the '265 patent such that this is an exceptional case; therefore, Plaintiff should be awarded its reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

25. Pursuant to 35 U.S.C. § 284, Plaintiff is entitled to enhanced damages for infringement of the '265 patent by Defendant, up to treble damages.

26. Pursuant to 35 U.S.C. § 283, Plaintiff is entitled to a preliminary and permanent injunction against further infringement of the '265 patent by Defendant.

### Request for Relief

WHEREFORE, Plaintiff Palmer Hamilton, LLC demands that judgment be entered in its favor and against Defendant AmTab Manufacturing Corporation, as follows:

A. Adjudging that Defendant has willfully infringed U.S. Patent 9,370,265;

B.   Preliminarily and permanently enjoining Defendant from infringing U.S. Patent 9,370,265;

C.   Awarding Plaintiff its damages, together with prejudgment interest, caused by Defendant's infringement;

D.   Granting such other and further relief as the court may deem appropriate.

## Jury Demand

Plaintiff Palmer Hamilton, LLC hereby demands a jury trial of all issues of fact not admitted by Defendant.

Dated:  July 22, 2016

s/Michael T. Griggs
Michael T. Griggs
Sarah M. Wong
BOYLE FREDRICKSON, S.C.
840 N. Plankinton Ave.
Milwaukee, WI  53203
Telephone:  414-225-9755
Facsimile:  414-225-9753
*Attorneys for Plaintiff Palmer Hamilton, LLC*