IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PALMER HAMILTON, LLC,

                Plaintiff,

v.

AMTAB MANUFACTURING CORPORATION,

                Defendant.

ORDER

16-cv-522-jdp

      Plaintiff Palmer Hamilton, LLC, brings this patent suit against a competitor, defendant AmTab Manufacturing Corporation, for manufacturing and selling a collapsible booth that allegedly infringes Palmer Hamilton's patent, U.S. Patent No. 9,270,265 (the '265 patent). AmTab has moved to dismiss Palmer Hamilton's complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 7. AmTab contends that the complaint fails to plausibly allege that AmTab has infringed the '265 patent, either directly or indirectly.

      Palmer Hamilton's allegation of direct infringement would easily pass muster under the pleading standard modeled in Form 18 of the Federal Rules of Civil Procedure. But as of December 1, 2015, the forms are no longer part of the federal rules, so the familiar *Twombly/Iqbal* pleading standard now applies. Exactly how that standard applies in patent cases is an open question in the Federal Circuit and the regional courts of appeals.[1] AmTab thinks that *Twombly/Iqbal* should require a plaintiff to lay out its infringement allegations element-by-element in the complaint, which is a lot more than old Form 18 required.

---

[1] The law of the regional circuit, rather than the Federal Circuit, governs Rule 12(b)(6) motions in patent cases. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012).

This court will not require plaintiffs to plead direct infringement element-by-element for two reasons. First, the old Form 18 approach is still generally sufficient to articulate a plausible claim for direct infringement. *Twombly/Iqbal* does not require a plaintiff to prove its case in the complaint, or even convince anyone that it has a good case. The allegations in the complaint just have to get over the low hurdle of plausibility. In most patent cases, especially those like this one involving mechanical devices, identifying the claims asserted and the devices accused will be enough to do the job (assuming, of course, that the complaint includes the other necessities, such as allegations of patent ownership and jurisdiction). Here, the complaint identifies the patent at issue; it alleges that the '265 patent discloses and claims a "collapsible booth"; and it alleges that AmTab's collapsible booths—as depicted in the marketing flyer—infringe claims 1, 11, and 14 of the '265 patent. Unlike most of the cases that AmTab cites in its briefing, the patent-in-suit discloses a relatively simple, mechanical product. The complaint plausibly alleges direct infringement.

Second, and more important, this court requires standardized pretrial disclosures that force both sides to lay out their core contentions element-by-element early in the case. Given that both sides will have to put their cards on the table relatively early in the case, motions attacking the pleadings are generally a waste of resources for the parties and the court.

Make no mistake: a patent plaintiff has to have a good faith basis for bringing suit in the first place, and that means the plaintiff has to have conducted an element-by-element analysis of the accused instrumentality before filing the complaint. But there are too many fair reasons why a plaintiff might be unable or justifiably reluctant to put that level of detail in the complaint, so this court will not require it. But the court sets a schedule by which both sides have to make early element-by-element disclosures of their infringement and invalidity

2

cases. In a more complex, unusual case, the minimal approach might not establish a plausible allegation of direct infringement. But such cases will be rare, and this is not one of them. AmTab complains that Palmer Hamilton has not identified where each claim element is present in the accused product; AmTab does not contend that an element is conspicuously absent or that infringement is actually implausible.

Allegations of indirect infringement require a plaintiff to do more than identify the asserted claims and accused devices. "To state a claim for inducement of infringement, the patentee must establish 'first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.'" *Nalco Co. v. Chem-Mod, LLC*, No. 14-cv-2510, 2015 WL 507921, at *3 (N.D. Ill. Feb. 4, 2015) (quoting *Broadcom Corp. v. Qualcomm, Inc.*, 543 F.3d 683, 697-98 (Fed. Cir. 2008)). To state a claim for contributory infringement, "in addition to proving an act of direct infringement, plaintiff must show that defendant 'knew that the combination for which its components were especially made was both patented and infringing' and that defendant's components have 'no substantial non-infringing uses.'" *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009) (quoting *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005)). "Both induced infringement and contributory infringement require a pleading of knowledge and/or specific intent." *Radiation Stabilization Sols., Inc. v. Varian Med. Sys., Inc.*, No. 11-cv-7701, 2012 WL 3757489, at *4 (N.D. Ill. Aug. 28, 2012).

Of course the factual support for the additional allegations of indirect infringement are typically in the control of the defendant, so these facts will often have to be alleged on information and belief. Palmer Hamilton's complaint includes those requisite allegations of

3

knowledge and intent. The allegations are sparse, but plausible. They need not be persuasive or supported by greater factual detail at this point.

This court's preliminary pretrial conference order requires Palmer Hamilton to disclose soon precisely what AmTab is looking for, without the need for motion practice over the form of the complaint.

ORDER

IT IS ORDERED that defendant AmTab Manufacturing Corporation's motion to dismiss, Dkt. 7, is DENIED.

Entered November 14, 2016.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge